UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------

|                                        | : |                           |
|----------------------------------------|---|---------------------------|
| TIMOTHY A. FROST,                      | : |                           |
|                                        | : | Case No. 1:18-cv-1947     |
|     Plaintiff,     | : |                           |
|                                        | : |                           |
| vs.                                    | : | OPINION & ORDER           |
|                                        | : | [Resolving Doc. 15]       |
| COMMISSIONER OF SOCIAL SECURITY,       | : |                           |
|                                        | : |                           |
|     Defendant.     | : |                           |
|                                        | : |                           |

-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In March 2015, Plaintiff Timothy Frost applied for Social Security disability benefits.[1] The Social Security Administration denied Frost's application initially and upon reconsideration.[2] After a hearing, an Administration Law Judge ("ALJ") also denied Frost's request.[3] The Social Security Appeals Council declined to review,[4] making the ALJ's determination the final agency decision.

Plaintiff now challenges this disability benefits denial.[5] Magistrate Judge Greenberg issued a report and recommendation ("R&R") recommending that the Court remand the case.[6] Neither party objects.[7] For the following reasons, the Court **ADOPTS** the R&R, **VACATES** the ALJ's decision, and **REMANDS** the case to the ALJ for further proceedings.

---

[1] Doc. 9 at 19.
[2] *Id.* at 119 (initial denial), 126 (upon reconsideration).
[3] *Id.* at 16.
[4] *Id.* at 9.
[5] Doc. 1.
[6] Doc. 15.
[7] Doc. 16.

Case No. 1:18-cv-1947
Gwin, J.

## Discussion

The Federal Magistrates Act only requires the Court to review *objected-to* portions of an R&R.[8] When there are no objections, the Court may adopt the R&R without review. Because the parties here have not objected, the Court adopts the R&R.

Further, the Court agrees with Judge Greenberg's reasoning and conclusions. In determining disability, a Social Security ALJ is generally required to give a treating physician's opinion controlling weight.[9] If the ALJ discounts the opinion, he must give "good reasons" for doing so.[10]

Here, treating physician Dr. Turell opined that Frost's anxiety, concentration difficulties, medication-associated drowsiness, hypersomnia, and adrenal deficiency would distract Frost at work and likely cause four monthly absences.[11] The ALJ largely disregarded Dr. Turell's opinion, concluding that, because Frost's adrenal deficiency was well-managed and his hypersomnia occurred infrequently, they would not cause the predicted monthly absenteeism.[12]

Similarly, treating physician Dr. Wolf opined that Frost's anxiety, depression, concentration difficulties, and depression-related drowsiness would distract Frost at work and likely cause four monthly absences.[13] The ALJ largely disregarded this opinion as well,

---

[8] *Thomas v. Arn*, 474 U.S. 140, 145 (1985). *See* 28 U.S.C. § 636(b)(1).
[9] *E.g., Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). Although the federal regulations regarding the treating physician rule changed in March 2017, that change does not impact Plaintiff's 2015 claim.
[10] *Id.*; 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.").
[11] Doc. 9 at 1966.
[12] *Id.* at 29.
[13] *Id.* at 1981.

Case No. 1:18-cv-1947
Gwin, J.

concluding that Frost's depression-related drowsiness was too speculative to cause the predicted monthly absenteeism.[14]

For both the Turell and Wolf's opinions, the ALJ's explanation falls short. In both instances, the ALJ addresses only the absenteeism predictions and entirely ignores the doctors' opinions about how Frost's ailments would distract him at work. Further, the ALJ ignores many of the ailments Frost's physicians based their opinions on. The ALJ's explanation was a cherry-picked mismatch, failing the "good reasons" standard.

Finally, two state psychologists opined that Frost could complete simple and multi-step work tasks in an environment *without strict production quotas*.[15] However, when the ALJ considered the psychologists' opinions, he made no reference to the limits on production quotas.[16] While the ALJ did not need to adopt these opinions, the rule requires he at least consider them.[17]

For the foregoing reasons, the Court **ADOPTS** the R&R, **VACATES** the ALJ's decision, and **REMANDS** the case to the ALJ for further proceedings.

IT IS SO ORDERED.

Dated: August 15, 2019               s/        *James S. Gwin*
                                                                            JAMES S. GWIN
                                                                            UNITED STATES DISTRICT JUDGE

---

[14] *Id.* at 29.
[15] *Id.* at 113.
[16] *Id.* at 27.
[17] 20 C.F.R. § 404.1513a(b)(1).